SOUTHERN SURETY CO. v. MAXWELL.

(Circuit Court of Appeals, Fourth Circuit. April 14, 1925.)

No. 2322.

1. **Courts** ⊙∽309, 317—Suit by bankruptcy trustee for possession of steam shovels used by bankrupts' surety held within jurisdiction of federal court for diversity of citizenship.

Where Iowa and Maryland corporations, as sureties for bankrupt road contractors, under chattel mortgages on bankrupt's equipment, and West Virginia corporation, which advanced money to bankrupts on bill of sale to road equipment, severally claimed preferred rights to steam shovels purchased conditionally by bankrupts from Pennsylvania corporation, and Maryland and West Virginia corporations submitted themselves to jurisdiction of bankruptcy court, but Iowa corporation's objection to court's jurisdiction was sustained, held, that only controversy, in bankruptcy trustee's suit in equity for possession of steam shovels used by Iowa corporation in completing its portion of work, was between trustee and Iowa corporation, and federal court had jurisdiction for diversity of citizenship, under Judicial Code, § 57 (Comp. St. § 1039).

2. **Bankruptcy** ⊙∽301—Appointment of receiver for bankrupt road contractors' equipment being used by bankrupts' surety in completing work held not abuse of discretion.

Where road contractors' bankruptcy trustee filed bill in equity against bankrupt's surety and presented evidence that equipment being used by surety in completing work was being largely destroyed by surety's improper use thereof, court did not abuse its discretion in appointing receiver for such equipment.

Appeal from the District Court of the United States for the Northern District of West Virginia, at Elkins; William E. Baker and George W. McClintic, Judges.

Suit by Claude W. Maxwell, trustee in bankruptcy of the estate of W. J. & J. T. Gephart, bankrupts, against the Southern Surety Company. Decree for plaintiff, and defendant appeals. Affirmed.

Frank E. Parrack, of Kingwood, W. Va., for appellant.

C. O. Strieby and D. H. Hill Arnold, both of Elkins, W. Va., for appellee.

Before WOODS, WADDILL and ROSE, Circuit Judges.

ROSE, Circuit Judge. [1] The appellant, the Southern Surety Company, is a corporation of the state of Iowa. For brevity, it will be styled the Iowa company. It appeals under section 129 of the Judicial Code (Comp. St. § 1121) from an order of the court below appointing a receiver for two steam shovels theretofore in its possession. In the first place, it denies that there was such diversity of citizenship as sufficed to give the court below jurisdiction in the proceedings.

The appellee, Claude W. Maxwell, a citizen of West Virginia, is trustee in bankruptcy of W. J. and J. T. Gephart, copartners and bankrupts. He says that both the bankrupts are citizens of Pennsylvania. The Iowa company in its answer alleges that one of them is a citizen of West Virginia and the other of Maryland. If the appellant and the appellee were the only parties to the litigation, there would be no question that the Iowa company, the defendant below, would be treated, for the purpose of this case, as a citizen of a different state than either of the bankrupts whether they were citizens of West Virginia, of Maryland, or of Pennsylvania. As the bill asserts a title to specific chattels, admittedly within the Northern district of West Virginia, section 57 of the Judicial Code (Comp. St. § 1039) gave venue to the court below, irrespective of the place of residence of the parties, provided, of course, no one of them on one side was a citizen of the state of anybody on the other.

The Iowa company says that if so much be admitted, the jurisdiction is defeated because the appellee's bill was brought against not only the Iowa company, but the Erie Steam Shovel Company, a corporation of Pennsylvania, the Maryland Casualty Company, a corporation of Maryland, and the Davis Trust Company, a corporation of West Virginia, hereinafter respectively called the Pennsylvania company, the Maryland company and the West Virginia company. It points out that if the bankrupts were cit-

izens of Pennsylvania as the trustee alleges, they are both of the same citizenship as the Pennsylvania company; that if, as it says, one of them is a citizen of West Virginia and another of Maryland, the former is of the same state as the West Virginia company and the latter of the same state as the Maryland company. The appellee replies that all this is true, but that, as his bill discloses, there is in these proceedings no controversy between himself as trustee of the bankrupts and the Pennsylvania, the Maryland, and the West Virginia companies, or any one or more of them, and that as against the Iowa defendant, he and the three defendants are here asserting a common interest. It asks that in consequence the parties should be so aligned, and, if that be done, the Iowa company will be the sole defendant and the plaintiffs will be citizens of Maryland, West Virginia, and Pennsylvania.

The property for which the receiver was appointed consisted of two steam shovels. They had been obtained by the bankrupts from the Pennsylvania company, under a conditional contract of sale in which the vendor reserved title to itself until full payment had been made, and it is suggested that a balance may still be due the seller. The bankrupts were contractors engaged in various counties of West Virginia in the construction of state roads under several separate contracts with the state road commission of that state. The Maryland company was surety on the bonds given by the bankrupts for the performance of some of these contracts, and the Iowa company on others subsequently entered into. Before either the Maryland or the Iowa company executed the bonds in question, the bankrupts incorporated, in the application for them, provisions giving a chattel mortgage to the surety on all equipment to be brought upon the job to secure it against any loss it might sustain upon that particular project and also upon all other indebtedness which might be owing to it. The application further conferred upon the surety the right to use the property of the bankrupts on the work in completing the contract. All the contracts themselves were upon the state standard form, which in substance provided that, upon the contractor's default, the commission might take the prosecution of the work out of his hands and appropriate or use any or all materials and equipment on the ground and might enter into an agreement with others for the completion of the contract.

The bankrupts began work first, under the contracts upon which the Maryland company was surety. Some of them were completed. Some of them never were and were annulled by the state roads commission under the provision above referred to. The steam shovels in question had been used, so at least is its claim, upon the uncompleted contracts for which the Maryland company was the surety and were then moved over into another county and put upon the work for which the Iowa company had gone on the bankrupt's bonds, and they were there at the time of the filing of the bill in this case.

The West Virginia company had advanced money to the bankrupts and took a bill of sale therefor upon the property of the bankrupts including the shovels in question. The state roads commission annulled all the contracts. The Iowa company elected to complete the work on those for which it was surety and was and is using the shovels in so doing. The Maryland, the West Virginia, and the Iowa companies, as among themselves, severally claim preferred rights in these shovels.

Shortly after the adjudication in bankruptcy and the appointment of the appellee as trustee, he caused all the property of the bankrupts including the shovels to be appraised. He then filed a petition with the referee against all the corporations claiming liens thereon to bring them in and to settle their conflicting claims. The Maryland and the West Virginia companies appeared and submitted themselves to the jurisdiction of the court of bankruptcy. No process appears to have been served upon the Pennsylvania company, nor did it enter an appearance. The Iowa company did appear, but only to object to the jurisdiction of the court. Its objection was necessarily sustained.

Then, the trustee filed the bill in equity in the instant case. In it he set up the facts already stated. He claimed that he was entitled to the possession of the shovels and other property, and he also alleged that their value was being largely destroyed by the careless and improper use to which the Iowa company was putting them. After the submission of affidavits and evidence, the court overruled the motion to dismiss the bill, and held that the property might remain in the possession of the Iowa company, if within 10 days from the date of the order it gave bond in the sum of $15,000 to make good any loss which the trustee in bankruptcy might suffer in consequence of the Iowa company retaining possession of the property and using it, if it should ultimately be determined that the rights of the trustee and

of the creditors of the bankrupts were superior to those of the Iowa company. The latter did not avail itself of this permission to give bond, and thereupon, after hearing further evidence tending to show that the value of the shovels was being destroyed by the manner it was using or abusing them, the court passed the order here appealed from. We think the appellee is right, in that the only controversy in this particular proceeding is between the trustee in bankruptcy and the Iowa company. If it shall be determined that the trustee or any of the nominal defendants in the case other than the Iowa company have rights to the shovels superior to those of the latter, the adjustment of those rights as among themselves will take place in the bankruptcy proceeding and not in the equity cause. Realigning the parties in the manner in which they should be realigned, or treating the defendants other than the Iowa company as merely nominal parties, the result in either event would be that the court below had jurisdiction.

[2] Without intimating any opinion whatever as to the ultimate rights of the parties, we are satisfied that, contrary to the contention of the appellant, there was no abuse of discretion on the part of the learned court below in appointing a receiver in view of the evidence submitted to it. A clear case for equity jurisdiction was set up. There is no real claim that the Iowa company owned the shovels. It had, according to its contention, the right to their possession and use; but if, while rightfully holding that possession as bailee, pledgee, mortgagee, or by whatever other name its rights to the shovels are properly designated, it misused them, the right of a court of equity, for the protection of others having interests in them, to prevent such abuse, is too clear to be gainsaid.

Affirmed.